MacDONALD RUDY BYRNS
  O'NEILL & YAMAUCHI
RALPH J. O'NEILL        4705-0
CATHY GEE KONG        6928-0
1001 Bishop Street, Suite 2650
Honolulu, Hawaii  96813
Telephone:  (808) 523-3080
Facsimile:  (808) 523-0759

Attorneys for Defendant
VSE Corporation

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL - 2 2012

at _l_o'clock and _15_min P M
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE JOSEPH KELII, individually and as Co-Personal Representative of the ESTATE OF JUSTIN JOSEPH KELII, Deceased; PRISCILLA ANN KELII; DANIELLE THERESA BATTISTI, individually and as Co-Personal Representative of the ESTATE OF JUSTIN JOSEPH KELII, Deceased; DEBORAH ANN DULATRE, individually and as Co-Personal Representative of the ESTATE OF JUSTIN JOSEPH KELII, Deceased; DENISE MARIE KELII HIRANO; JOSHUA KELII; and JAYMEE KELII,<br><br>                    Plaintiffs,<br><br>          vs. | Civil No. CV12 00376 JMS BMK<br><br>DEFENDANT VSE CORPORATION'S NOTICE OF REMOVAL; DECLARATION OF JAMES S. FALLON; EXHIBITS "A" – "R"; CERTIFICATE OF SERVICE<br><br><br><br><br><br><br><br><br><br>*(caption continues on next page)* |

VSE CORPORATION; THOMAS E.     )
BLANCHARD AND ASSOCIATES,      )
INC.; RICHARD BRATT; HIDC      )
SMALL BUSINESS STORAGE         )
LLC; HAWAIIAN ISLAND           )
DEVELOPMENT CO., INC.;         )
HAWAIIAN ISLAND HOMES          )
LTD.; HAWAIIAN ISLAND          )
COMMERCIAL LTD.; FORD          )
ISLAND VENTURES, LLC; JOHN     )
DOES 1-10; JANE DOES 1-10; DOE )
CORPORATIONS 1-10; DOE         )
PARTNERSHIPS 1-10; DOE         )
ENTITIES 1-10; ROE "NON-       )
PROFIT" CORPORATIONS; and      )
DOE GOVERNMENTAL               )
AGENCIES 1-10,                 )
                               )
                  Defendants.  )

---

## DEFENDANT VSE CORPORATION'S NOTICE OF REMOVAL

Defendant VSE Corporation ("VSE"), by and through its attorneys,

MacDonald Rudy Byrns O'Neill & Yamauchi, LLP, files this notice, pursuant to

28 U.S.C. §§ 1332, 1441(a), 1442(a) and 1446, for the removal of this case from

the Circuit Court of the First Circuit, State of Hawaii, in which it is now

pending, to the United States District Court for the District of Hawaii.

## I.     INTRODUCTION

1.     The instant action was commenced on May 24, 2012 by the filing

of a Complaint; Demand for Jury Trial; Summons ("Complaint") in the Circuit

Court of the First Circuit, State of Hawaii, identified as Civil No. 12-1-1476-05,

*George Joseph Kelii, et al. v. VSE Corporation, et al.* (hereinafter, "Kelii State Court Action"). The Summons was denied. True and correct copies of the Complaint, Demand for Jury Trial, and Summons (hereinafter collectively, "Complaint") are attached hereto as Exhibit "A". Another Summons To Answer Civil Complaint was filed on May 24, 1012 (hereinafter, "Summons"). A true and correct copy of the Summons is attached hereto as Exhibit "B".

2.     This case arises from an April 8, 2011 explosion of fireworks that had been seized by the federal government and stored at the direction of the federal government for the purpose of preserving evidence for criminal prosecutions ("subject incident"). The subject incident occurred at a storage facility located at 94-990 Pakele Street, Waipahu, Hawaii ("subject premises").

3.     On or about June 14, 2012, VSE was served with a copy of the Complaint, Summons, and Plaintiffs' Request to Exempt Case From Court Annexed Arbitration Program; Summary of Facts filed on May 24, 2012, a true and correct copy which is attached hereto as Exhibit "C". On or about June 20, 2012, Plaintiffs served VSE with a copy of Plaintiffs' Substantive Joinder in Plaintiffs' Motion for Consolidation, Filed June 14, 2012, in Civil No. 12-1-1462-05 GWBC (hereinafter "substantive joinder"). A true and correct copy of the substantive joinder is attached hereto as Exhibit "D". All process, pleadings, and orders served upon VSE in the Kelii State Court Action are attached to this

3

notice as required under 28 U.S.C. 1446(a).

4.      On information and belief, Plaintiffs served the Complaint upon

Richard Bratt on June 14, 2012; HIDC Small Business Storage LLC, Hawaiian

Island Development Co., Inc., Hawaiian Island Homes Ltd., and Hawaiian

Island Commercial Ltd. on June 15, 2012; and Ford Island Ventures, LLC on

June 20, 2012.  On information and belief, the substantive joinder has been

served on the other defendants.  On information and belief, no other pleadings or

papers have been served upon the other defendants in this case.

5.      VSE has not filed any pleadings in the Kelii State Court Action.

6.      No further proceedings have been had and 30 days have not elapsed

since this action became removable to this Court.  This Notice of Removal,

therefore, is timely under 28 U.S.C. §1446(b).  *See Murphy Bros., Inc. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-356 (1999).

## II.   BASIS FOR REMOVAL

### A.   Diversity

7.      Removal is proper based on diversity of citizenship between

Plaintiffs and VSE.  Complete diversity between the parties exists, as the

presence of Defendants Thomas E. Blanchard & Associates, Inc., Richard Bratt,

HIDC Small Business Storage LLC, Hawaiian Island Development Co., Inc.,

Hawaiian Island Homes Ltd., Hawaiian Island Commercial Ltd., and Ford Island

4

Ventures, LLC should be disregarded for the purpose of the jurisdictional

analysis, as explained below. 28 U.S.C. §§ 1332(a), 1441(a); *Caterpillar, Inc. v.*

*Lewis*, 519 U.S. 61, 68 (1996); *Hunter v. Philip Morris U.S.A.*, 582 F.3d 1039,

1043 (9th Cir. 2009).

8.     All of the Plaintiffs allege that they are Hawaii residents except for

Plaintiff Deborah Ann Dulatre, individually and as co-personal representative of

the Estate of Justin Joseph Kelii, deceased, who alleges that she is a resident of

Alabama.  VSE is a Delaware corporation with its principal place of business in

Virginia, and therefore is a citizen of the States of Delaware and Virginia.

9.     HIDC Small Business Storage LLC, Hawaiian Island Development

Co., Inc., Hawaiian Island Homes Ltd., and Hawaiian Island Commercial Ltd.

are Hawaii corporations.  Ford Island Ventures, LLC is a Delaware corporation

with its principal place of business in the State of Hawaii and therefore is a

citizen of the States of Delaware and Hawaii.  The Defendants described in this

paragraph are collectively referred to as "Leasing Entities".

10.     Thomas E. Blanchard & Associates, Inc. ("Blanchard") is an

Illinois corporation, and therefore is a citizen of the State of Illinois.  Richard

Bratt is allegedly a Hawaii resident.

11.     It is obvious under settled principles of Hawaii law that Plaintiffs

fail to state a claim against the Defendant Leasing Entities, Blanchard, and

Richard Bratt.  Such Defendants owe no applicable tort duty under Hawaii

common law, and assumed no duty to Plaintiffs' decedent by contract.

12.    The presence of the Defendant Leasing Entities, Blanchard, and

Richard Bratt does not destroy jurisdiction under 28 U.S.C. § 1332, and their

consent to removal pursuant to 28 U.S.C. § 1446(a) is unnecessary, because

Plaintiffs fraudulently joined them. *See Emrich v. Touch Ross & Co.*, 846 F.2d

1190, 1193 n.1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all

defendants in a state action must join in the petition for removal, except for

nominal, unknown or fraudulently joined parties."); *Hunter,* 582 F.3d at 1043.

13.    It is reasonably probable that the amount in controversy exceeds

$75,000.

**B.    Federal Officer Removal**

14.    VSE also removes the instant case pursuant to 28 USC § 1442(a)(1)

(also referred to as "Federal Officer Removal Statute").

15.    The Complaint alleges that VSE, "owed a non-delegable duty to

provide a safe place to work and conduct the storage, dismantling and disposal

of explosives and/or fireworks in a safe and proper manner...." *See Complaint*

at 11, ¶37. *See also* Complaint at 15, ¶56 ("The storage, dismantling, handling

and transportation of large amounts of explosives and fireworks is an ultra-

hazardous activity.").

16.     At all times relevant to the events alleged in the Complaint, VSE

was acting under the color of the United States, through its various branches

United States Department of Treasury ("Treasury Department"), United States

Immigration and Customs Enforcement ("ICE"), and United States Customs and

Border Protection ("CBP").  The Treasury Department, ICE, and CBP are

hereinafter collectively referred to as "Federal Government Entities" or "federal

government".

17.     The Treasury Executive Office for Asset Forfeiture (hereinafter

"TEOAF") is an office of the Treasury Department.  *Declaration of James S.

Fallon ("Fallon Declaration")*.  TEOAF administers the Treasury Forfeiture

Fund (TFF).  *Id.*  The TFF is the receipt account for deposit of non-tax

forfeitures made pursuant to laws enforced or administered by participating

Treasury and Department of Homeland Security agencies.  *Id.*

18.     The TFF participating agencies are: (1) Internal Revenue Service

Criminal Investigations Division, U.S. Department of the Treasury; (2) U.S.

Immigration and Customs Enforcement ("ICE"), Department of Homeland

Security; (3) U.S. Customs and Border Protection ("CBP"), Department of

Homeland Security; (4) U.S. Secret Service, Department of Homeland Security;

and (5) U.S. Coast Guard, Department of Homeland Security.  *Fallon

Declaration.*

7

19.    As the administrator for the TFF, TEOAF performs the following functions:  (1) Promote the use of proceeds from asset forfeitures to fund programs and activities aimed at disrupting criminal enterprises and enhancing forfeiture capabilities; (2) Manage TFF revenues to cover the cost of asset forfeiture program; (3) Promote financial stability and vitality of the Fund; and (4) Identify and address program risks.  *Fallon Declaration.*

20.    TEOAF's functions include providing support to federal law enforcement agencies, such as CBP, ICE, Secret Service, IRS-Criminal Investigation, and the Office of Foreign Asset Control (OFAC) in regard to government-seized items in the course of such agencies' law enforcement activities.  *Fallon Declaration.*  Such support includes but is not limited to, maintaining chain of custody of seized items in connection with prosecution of violations of federal criminal law, as was the case for the government-seized fireworks involved in the subject incident.  *Id.*

21.    TEOAF contracts out support of the law enforcement agencies mentioned above, including transportation, storage, and disposition services such as destruction of items, to private firms.  *Fallon Declaration.*  TEOAF directs, approves, and pays for all destructions of seized property.  *Id.*  TEOAF depends on the involvement of such contractors to carry out its functions, as TEOAF does not maintain the necessary internal resources.  *Id.*

8

22.   Since 2006, VSE, as Prime Contractor, has been executing the support services as described above. *Fallon Declaration.*

23.   Pursuant to Contract Number TOS-11-C-001 ("Prime Contract") with the Treasury Department, issued September 28, 2010, VSE agreed to provide nationwide services for the receipt, possession, custody, management, and disposition of seized, blocked, or forfeited property. *Fallon Declaration.* The Prime Contract encompassed VSE's involvement with the Haleamau Seizure and the Chang Seizure. *Id.* A true and correct copy of the Prime Contract, without amendments, is attached to the *Fallon Declaration* as Exhibit "E".

24.   When Treasury Department ordered seized items to be consigned, VSE was required to accept the seized items under the Prime Contract. *Fallon Declaration.*

25.   Under the Prime Contract, VSE could not refuse to accept consignments of government-seized items. *Fallon Declaration.*

26.   Under the Prime Contract, VSE was obligated to preserve evidence and maintain chain of custody for criminal proceedings related to such seizures unless and until instructed by the federal government to take further action, for example, destruction of the seized items. *Id.*

27.   Under the Prime Contract, the federal government consigned the

items it seized to VSE.

28. The Prime Contract did not transfer ownership of the seized items to VSE. Once the seized items were forfeited, the United States of America owned the seized items, and continued to do so until the items were disposed of or destroyed.

29. The United States of America at all times relevant to this action owned the items it seized, as the items were forfeited prior to the subject incident. At no time did VSE obtain title to any seized items that the federal government consigned to VSE.

30. At the time of the subject incident, the fireworks that Donaldson Enterprises, Inc. ("Donaldson") was storing consisted of two separate seizures by ICE: (1) Seizure No. 2009-3201-000052-01 (hereinafter, the "Haleamau Seizure"), which never exploded; and (2) a portion of Seizure No. 2010-3205-000012-01 (hereinafter, the "Chang Seizure"), which was completely destroyed in the subject incident. *Fallon Declaration.* Prior to the subject incident, Donaldson already had successfully destroyed a portion of the Chang Seizure at the direction of the federal government. *Id.*

31. Both the Haleamau Seizure and the Chang Seizure involved fireworks that ICE seized, which required preservation and maintenance of chain of custody for the prosecutions of violations of federal criminal law.

*Fallon Declaration.*

32.    Because all of the claims in the Complaint relate to VSE's storage of the government-seized fireworks which was, at all times, under the direction and control of the Federal Government Entities, VSE is therefore entitled to remove this case to federal court pursuant to the Federal Officer Removal statute, which authorizes removal by "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 USC § 1442(a)(1).

33.    The legal standard applicable to removal pursuant to 28 USC § 1442 requires a "generous interpretation" of section 1442. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Colorado v. Symes,* 286 U.S. 510, 517 (1932)); *Arizona v. Manypenny*, 451 U.S. 232, 242, 101 S. Ct. 1657, 1664, 68 L. Ed. 2d 58 (1981) ("the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of §1442(a)(1).'" (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).  Unlike other theories of removal, federal officer removal should be interpreted broadly. *Durham*, 445 F.3d at 1252.  The Ninth Circuit has acknowledged "a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of

removal." *Id.*

34.    The right to Federal Officer Removal is "absolute" provided the following elements are satisfied:  (1) the defendant is a "person" within the meaning of the Federal Officer Removal Statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between plaintiffs' claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based upon federal law. *See Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); *Durham*, 445 F.3d at 1251; *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) (recognizing right of removal as "absolute" for conduct performed under color of federal office); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431, (1999).   VSE meets all four elements and therefore is entitled to remove this action pursuant to the Federal Officer Removal Statute.

35.    With respect to the first element, VSE Corporation is a "person" within the meaning of the Federal Officer Removal Statute.  It is well settled that a private corporation is a "person" entitled to invoke the Federal Officer Removal Statute. *See, e.g., Winters*, 149 F.3d at 398.

36.    With respect to the second element, all activities that VSE performs under the Prime Contract are at the direction of the federal government. *Fallon*

12

*Declaration*. CBP notified VSE as to the location of the initial pick up of seized items. *Id.* CBP controlled all access to the seized items and all actions affecting the seizures, by issuing disposition orders with explicit directives. *Id.* Stated differently, nothing was done to the government-seized fireworks without the direction and approval of CBP. *Id.* CBP directly monitored VSE's compliance with disposition orders. *Id.* Because two separate seizures were stored at the time of the subject incident, an elaboration of the specific directives for each seizure is provided.

37.   At the time of the subject incident, Donaldson was storing two seizures of fireworks at the subject premises, the Haleamau Seizure and a portion of the Chang Seizure. *Fallon Declaration.*

38.   ICE agents seized the items referred to as the Haleamau Seizure on February 4, 2009. *Fallon Declaration.* The Haleamau Seizure consisted of 1,370 cartons of fireworks. *Id.* On February 19, 2009, CBP issued a Disposition Order instructing that the Haleamau Seizure be consigned to VSE. *Id.* On February 23, 2009, CBP issued a Seized Property Consignment Order advising of the location of the pickup. *Id.* On or about March 2, 2009, Donaldson received custody of the Haleamau Seizure. *Id.*

39.   When Donaldson initially received the Haleamau Seizure, it did so as a subcontractor to Timberline Environmental Services ("TES"), which in turn

served as a contractor to VSE. *Fallon Declaration*. At the time of the subject

incident, Donaldson's handling of the Haleamau Seizure was pursuant to

Purchase Order Number F000114-11. *Id.* VSE issued Purchase Order Number

F000114-11 directly to Donaldson. *Id.*

40.     On March 3, 2009, CBP issued a Disposition Order directing that

ICE agent Derrick Lee remove samples of fireworks from the Haleamau Seizure

to be given to an agent from the Bureau of Alcohol, Tobacco, Firearms &

Explosives ("ATF") for testing in connection with the pending criminal

prosecution. *Fallon Declaration*. At the time of the subject incident, CBP had

not issued a disposition order instructing VSE to dispose of the Haleamau

Seizure. *Id.*

41.     When TEOAF initially consigned the Chang Seizure to VSE, VSE

issued Purchase Order Number F001930-10 to Donaldson on March 18, 2010.

*Fallon Declaration*. At the time of the subject incident, Donaldson's handling

of the Chang Seizure was pursuant to a subsequent order, Purchase Order

Number F000114-11. *Id.*

42.     On January 13, 2010, ICE agents seized the Chang Seizure from

Tiger Corporation. *Fallon Declaration*. The Chang Seizure consisted of a total

of 296 cartons of fireworks. *Id.* On January 13, 2010, CBP issued a Disposition

Order, instructing that the Chang Seizure be consigned to VSE. *Id.*

43.    On January 15, 2010, CBP issued a Seized Property Consignment

Order advising of the location of the pickup. *Fallon Declaration.* On March 22,

2010, CBP declared the Chang Seizure forfeited pursuant to a Declaration of

Administrative Forfeiture. *Id.*. On or about March 29, 2010, Donaldson

received custody of the Chang Seizure. *Id.*

44.    On April 8, 2010, Donaldson completed manipulation of the Chang

Seizure pursuant to CBP's Disposition Order dated March 24, 2010, which

directed that one box from each type of firework be stored separately so that

such evidence could be used in court in connection with the criminal

prosecution. *Fallon Declaration.* On April 16, 2010, CBP issued a Disposition

Order ordering destruction of the Chang Seizure, excluding the destruction of

items stored separately for criminal prosecution. *Id.* VSE submitted a Property

Destruction Plan for the Chang Seizure to CBP, and CBP approved the plan. *Id.*

In light of the direct and detailed control over the handling of the Haleamau and

Chang Seizures by CBP, VSE has met the second element.

45.    With respect to the third element, given that all of Plaintiffs' claims

relate to VSE's scope of work under the Prime Contract, a causal nexus exists.

46.    *First Defense: Sovereign Immunity.* VSE advances a colorable

derivative sovereign immunity defense as to Plaintiffs' claims based on strict

liability. To satisfy the "colorable federal defense" element, the defendant need

15

not "win his case before he can have it removed." *See Jefferson County*, 527 U.S. at 431. The *Jefferson County* court unequivocally declared that "requiring a clearly sustainable defense rather than a colorable defense would defeat the purpose of the removal statute...." 527 U.S. at 432 (citing *Willingham*, 395 U.S. at 407). It is "well-settled law that contractors and common law agents acting within the scope of their employment for the United States have derivative sovereign immunity." *Butters v. Vance Int'l, Inc.*, 225 F.3d 462, 466 (4th Cir. 2000). The Butters court stated:

> *Sovereign immunity exists because it is in the public interest to protect the exercise of certain governmental functions. This public interest remains intact when the government delegates that function down the chain of command. As a result, courts define the scope of sovereign immunity by the nature of the function being performed— not by the office or the position of the particular employee involved.*

*Id. See City of Worcester v. HCA Management Co., Inc.,* 753 F.Supp. 31, 37–38 (D.Mass. 1990) ("pursuant to sovereign immunity, a private company which contracts with the federal government to perform the duties of the government will not be held liable for its actions on behalf of the government").

47.     There are three defined elements to the defense of derivative sovereign immunity:  (1) a party acting with validly conferred authority; (2) who has not taken actions beyond that authority; and (3) who has not independently caused harm by tortious conduct.  Once satisfied, the government contractor is

entitled to the same immunity that would be afforded the government.  *See*

*Worcester,*753 F. Supp. at 38.

48.     VSE meets the three elements in *Worcester*.  First, all of VSE's

actions were pursuant to the Prime Contract and directed by the federal

government.  Second, VSE's actions were within the scope of the Prime

Contract and directly monitored by the federal government.  Third, VSE has not

independently caused harm by tortious conduct.

49.     *Second Defense:  Government Contractor*.  VSE has a second

colorable federal defense, as a government contractor.  In the landmark 1988

decision of *Boyle v. United Technologies Corp.,* 487 U.S. 500, 511–12 (1988),

the issue was whether a government contractor could be held liable for designing

a helicopter with an escape hatch that opened out instead of in (making it

ineffective in a submerged craft because of water pressure). The court found that

selection and design of military equipment falls within the government's

discretionary function.  Therefore, the court held that a significant conflict exists

in some circumstances where state law would hold government contractors

liable for design defects in military equipment.  *Id.* at 512.  Accordingly, the

court held that "[l]iability for design defects in military equipment cannot be

imposed, pursuant to state law, when (1) the United States approved reasonably

precise specifications; (2) the equipment conformed to those specifications; and

17

(3) the supplier warned the United States about the dangers in the use of the

equipment that were known to the supplier but not to the United States." *Id.  See*

*Getz v. Boeing Co.*, 654 F.3d 852, 860 – 867 (9th Cir. 2011), *cert. denied*, 132 S.

Ct. 1582 (U.S. 2012) (applying *Boyle*); *In re Hanford Nuclear Reservation*

*Litig.,* 534 F.3d 986, 1000 (9th Cir.2008); *Rodriguez v. Lockheed Martin Corp.,*

627 F.3d 1259, 1265 (9th Cir.2010) (describing the defense as a shield to tort

liability).

50.    VSE invokes the government contractor defense because VSE's

performance under the Prime Contract with respect to the Haleamau and Chang

Seizures was at the direction and approval of the United States Department of

Treasury.  As to the warning requirement, the federal government was in a

position of superior knowledge as to the potentially catastrophic nature of the

fireworks it seized and owned, and thus VSE had no duty to warn the federal

government.

51.    Removal under 28 U.S.C. § 1442 is effective as to all defendants.

*See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006)

(citing *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.,* 644 F.2d

1310, 1315 (9th Cir. 1981)) (authorizing defendant to unilaterally remove);

*Thompson v. Crane Co.*, 2012 WL 1344453, *29 n. 18 (D. Haw. Apr. 17, 2012)

("Thus, one defendant's proper removal is effective as to all of the defendants,

even if another defendant's attempt to remove was defective in some manner.");

*Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998).

52.    Venue of this removed action is proper pursuant to 28 U.S.C.

§1442(a) because this Court is in the United States District Court for the district

and division embracing the place wherein the removed action was pending.

Venue is also proper under 28 U.S.C. § 1391(a) because a substantial part of the

events or omissions giving rise to the claim occurred in this district.

53.    VSE promptly will file a copy of this Notice of Removal with the

clerk of the First Circuit Court, State of Hawaii.  VSE promptly will serve this

Notice of Removal upon all parties who have appeared herein.

54.    Plaintiffs have demanded a jury.

55.    The following three cases filed in the First Circuit, State of Hawaii,

are related to the instant action:  *Terrance D. Cabalce, et al. v. VSE*

*Corporation, et al.*, Civil No. 12-1-1462-05; *Heather Freeman, et al. and*

*Martin William Sprankle, et al. v. VSE Corporation, et al.*, Civil No. 12-1-1479-

05; and *Charlize Leahey Irvine, et al., vs. VSE Corporation, et al.*; Civil No. 12-

1-1481.

## III.    CONCLUSION

WHEREFORE, Defendant VSE Corporation prays that the action now

pending against it in Circuit Court of the First Circuit, State of Hawaii, be

removed to this Court.

DATED:  Honolulu, Hawaii, July 2, 2012.

RALPH J. O'NEILL
CATHY GEE KONG
Attorneys for Defendant
  VSE Corporation